IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
ROBERT M. HOOPER,              )
                               )
             Plaintiff,        )   Civil No. 03-793-PA
                               )
     v.                        )   ORDER
                               )
CAPITAL CREDIT & COLLECTION    )
SERVICES, INC., and LILLIAN    )
BAKER,                         )
             Defendants.       )
_____)
```

**PANNER, J.**

Plaintiff Robert M. Hooper brings this action against defendants Capital Credit & Collections Services, Inc. (Capital Credit), and Lillian Baker, an employee of Capital. The jury found Capital Credit liable for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and awarded plaintiff $1,070 for economic damages and $500 for non-economic damages.

Plaintiff seeks statutory damages. I conclude that no

statutory damages should be awarded.

**BACKGROUND**

Plaintiff received medical services, most of which were covered by insurance. Defendants attempted to collect from plaintiff based on a statement from the clinic that provided the services. Although plaintiff orally disputed the debt, Capital Credit initially reported the debt as being undisputed. Capital Credit discovered the error and then reported the debt as disputed.

At trial, the jury found Capital Credit liable for (1) using false, deceptive, or misleading representations; (2) communicating credit information that was known or should have been known to be false, including failing to communicate that a debt is disputed; and (3) attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy did not exist.

The jury found that defendant Lillian Baker was not liable for any violations.

**STANDARDS**

The Fair Debt Collection Practices Act allows the court to award statutory damages of up to $1,000 against "any debt collector who fails to comply with any provision of this subchapter with respect to any person," in addition to any actual damages suffered by the plaintiff. 15 U.S.C. §

1692k(a)(2)(A) (authorizing "additional damages as the court may allow, but not exceeding $1,000"). The $1,000 maximum for statutory damages applies per proceeding, not per claim or violation. Peter v. GC Services L.P., 310 F.3d 344, 352 n.5 (5th Cir. 2002).

In determining whether to award statutory damages, the court should consider, "among other relevant factors," "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). The district court has discretion in determining whether to award statutory damages, and in setting the amount of any damages awarded. Savino v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). (I disagree with defendants that the jury may determine statutory damages. See Cloman v. Jackson, 988 F.2d 1314, 1322 (2d Cir. 1993). But see Kobs v. Arrow Service, Inc., 134 F.3d 893, 896-98 (7th Cir. 1998) (jury may determine statutory damages).)

## DISCUSSION

The jury found that Lillian Baker had not committed any violations. I will not award statutory damages against her.

The jury found that Capital Credit had committed three statutory violations. Capital Credit incorrectly reported that plaintiff's debt was not disputed. The evidence

3 - ORDER

indicated that the incorrect report was an inadvertent mistake rather than an intentional act. Capital Credit's violations, while properly supporting an award of actual damages, were not egregious. Under these circumstances, I decline to award statutory damages against Capital Credit. In addition to the actual damages already awarded, plaintiff is entitled to an award of costs and reasonable attorney's fees. 15 U.S.C. § 1692k(a)(3).

## CONCLUSION

Plaintiff is not awarded statutory damages.

DATED this 7th day of April, 2005.

/s/ Owen M. Panner
_____
OWEN M. PANNER
U.S. DISTRICT COURT JUDGE