IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT M. HOOPER, )
 )
         Plaintiff, )  Civil No. 03-793-PA
 )
    v. )  ORDER
 )
CAPITAL CREDIT & COLLECTION )
SERVICES, INC., and LILLIAN )
BAKER, )
         Defendants. )
_____)

**PANNER, J.**

The jury found in favor of plaintiff Robert M. Hooper against defendant Capital Credit & Collections Services, Inc. (Capital Credit) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the analogous Oregon statute, Or. Rev. Stat. § 646.639. Plaintiff now seeks attorney's fees. I award plaintiff $17,467 in attorney's fees.

## BACKGROUND

Plaintiff filed this action in June 2003. In September 2003, defendants moved to dismiss for lack of jurisdiction and failure to state a claim. This court denied defendants' motions to dismiss.

In September 2003, plaintiff moved for partial summary judgment, seeking to establish defendants' joint and several liability under the federal statutes. Plaintiff's motions were denied.

The trial was in January 2005. Punitive damages were stricken. The jury found Capital Credit liable and awarded plaintiff $1,570 in actual damages. Plaintiff had sought $10,000 in actual damages.

The jury found that defendant Lillian Baker, an employee of Capital Credit, was not liable. I denied plaintiff's claim for statutory damages and plaintiff's motion for additional findings.

Plaintiff now seeks $33,087 in attorney's fees.

## STANDARDS

A successful plaintiff is entitled to reasonable attorney's fees as determined by the court. 15 U.S.C. § 1692k(a)(3); <u>see also</u> Or. Rev. Stat. § 646.641(2) (court may award fees to successful party). To determine a reasonable attorney's fee, the court should first calculate the lodestar

amount, which is the number of hours reasonably spent on the litigation multiplied by reasonable hourly rates. McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995). The court must exclude hours that were not reasonably expended. Id. The party seeking fees has the burden of showing that the time spent was reasonably necessary to the successful prosecution of the party's claims. Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc., 886 F.2d 1545, 1557 (9th Cir. 1989). In calculating an award of fees, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley v. Eckerhart, 461 U.S. 424, 436-37 (1983).

**DISCUSSION**

I. Number of Hours

The billing records submitted by plaintiff's attorney, Danny H. Gerlt, show a total of $49,630 in attorney's fees. In plaintiff's request for fees, Gerlt has reduced that amount by one-third to $33,087. Gerlt states, "As a general office practice, I bill time for office work at two-thirds of the time actually spent to account for personal inefficiencies in rendering legal services." Gerlt Aff., at 10. Gerlt also states that "[t]he number of hours incurred in prosecuting this case is more than would be expected in cases of this nature." Id. Gerlt states that the one-third reduction here

accounts for plaintiff's lack of success on several claims and on punitive damages, as well as the verdict for defendant Lillian Baker.  In addition, this court denied plaintiff's claim for statutory damages and plaintiff's motion for additional findings and conclusions.

Defendants object to the number of hours requested by plaintiff.  As defendants note, Gerlt's use of block billing for some days makes it more difficult to evaluate plaintiff's fee request.  See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc., 82 F.3d 1533, 1554 n.15 (10th Cir. 1996) ("block billing" refers to "the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks").  For example, the entry for August 6, 2003, for 5.7 hours, groups several tasks together:

> Review file.  Draft and edit chronology.  Telephone calls to insurance claims adjusters.  Draft letter to W. Goode [defendants' attorney].  Conference with client.  Telephone call to client.  First draft letter to MHN re insurance and claim records.

Petition, Ex. 1, at 5.

Defendants argue that the requested fees should be reduced by 20% because of the block billing.  A reduction for block billing must necessarily be based on a rough estimate.  I will subtract 10 hours to account for block billing.

Defendants object to $500 requested for the work of

attorney Mari Redman-Ives, who was retained by plaintiff to assist in settlement negotiations. Plaintiff paid Redman-Ives a flat fee of $500 for 8.6 hours. Her rate otherwise would have been $140 per hour. Gerlt Aff., Ex. 9. Given this court's policy of encouraging settlement, I find that this is reasonable.

Defendants object ten entries for Gerlt's travel to the courthouse, often to file documents that could have been filed electronically or by a legal assistant. Defendants estimate a total of 8 hours at $200 per hour. I agree that a lawyer did not need to perform these tasks.

Defendants object to the time Gerlt claims for drafting a request for a conference under Federal Rule of Civil Procedure 16. Defendants estimate that plaintiff seeks about 28.5 hours for this task. I agree that this is more time than reasonably necessary to request a Rule 16 conference, which generally is a routine scheduling conference with the court. I find that 6 hours is ample for this task.

Defendants object to the amount of time plaintiff claims for trial preparation after the pretrial conference, about 42.5 hours. I agree that considering the relatively simple legal and factual issues in this trial, 42.5 hours is excessive. (Those hours do not include the time spent on trial preparation before the pretrial conference.) I find

that 20 hours is reasonable.

Defendants object to time spent on plaintiff's statutory damage claims and on the request for additional findings. I did not award statutory damages and denied the request for additional findings. I will deduct a total of 15 hours to reflect plaintiff's lack of success on these issues.

Defendants object to 0.1 of an hour claimed for opening a letter on January 5, 2005. Petition, Ex. 1, at 32. I agree that this is not compensable time.

These reductions total 78.1 hours. At $200 per hour, that is a reduction of $15,620 from the requested total of $33,087. I conclude that the resulting award of $17,467 is reasonable.

**II. Hourly Rates**

Plaintiff seeks $200 per hour for Gerlt and $50 per hour for Nancy L. Schroeter, a legal assistant. Defendant does not object to the requested hourly rates. I find that the requested hourly rates are reasonable in light of the Portland market.

**III. Adjustments to the Lodestar**

I see no reason to adjust the lodestar amount. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (listing factors that may support adjusting lodestar amount); Morales v. City of San Rafael, 96 F.3d 359, 363-64 & n.9 (9th

Cir. 1996) (certain Kerr factors subsumed by lodestar calculation), amended on other grounds, 108 F.3d 981 (9th Cir. 1997).

## CONCLUSION

Plaintiff's motion for attorney's fees (#86) is granted and plaintiff is awarded $17,467 in attorney's fees. Defendants are to submit their request for attorney's fees, with supporting documents, within ten days.

DATED this 8TH day of August, 2005.

                /s/ OWEN M. PANNER
                OWEN M. PANNER
                U.S. DISTRICT COURT JUDGE