IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT M. HOOPER,  )
                   )
     Plaintiff,    )  Civil No. 03-793-PA
                   )
     v.            )  ORDER
                   )
CAPITAL CREDIT & COLLECTION )
SERVICES, INC., and LILLIAN )
BAKER,             )
                   )
     Defendants.   )
_____)

**PANNER, J.**

The jury found in favor of plaintiff Robert M. Hooper against defendant Capital Credit & Collections Services, Inc. (Capital Credit) for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Oregon Unlawful Debt Collection Practices Act, Or. Rev. Stat. § 646.639. The jury found defendant Lillian Kay Baker, an employee of Capital

1 - ORDER

Credit, not liable.

Baker now seeks attorney's fees. I deny Baker's motion.

**BACKGROUND**

The jury awarded plaintiff $1,570 in actual damages against Capital Credit for violations of state and federal statutes. Plaintiff had sought $10,000 in actual damages.

I denied plaintiff's claim for additional, statutory damages. I awarded plaintiff $17,467 in attorney's fees.

Baker seeks $10,154 in attorney's fees.

**DISCUSSION**

**I. Attorney's Fees under 15 U.S.C. § 1692k(a)(3)**

Under the federal statute, "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). The district court makes findings of fact regarding bad faith, and exercises its discretion in deciding whether to award attorney's fees. See Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1229 (9th Cir. 1988).

Here, plaintiff prevailed against Capital Credit on some of his claims. Although plaintiff did not prevail against Baker, I find that the claims against Baker were not "brought in bad faith and for the purpose of harassment." Baker is not

entitled to attorney's fees under § 1692k(a)(3).

## II. Fees under Or. Rev. Stat. § 646.641(2)

The Oregon statute provides that the court may award attorney's fees to the successful party. See Or. Rev. Stat. § 646.641(2). Under Oregon law, the court must consider the following factors when exercising its discretion to award fees:

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

Or. Rev. Stat. § 20.075(1). The court should briefly explain the factors on which it relies, but is not required "make

findings about irrelevant or immaterial factual matters or legal criteria." Elston v. Toma, Civ. No. 01-1124-KI, 2005 WL 696900, at *2 (D. Or. Mar. 24, 2005) (citation omitted).

Applying these factors, I conclude that Baker should not be awarded attorney's fees. Capital Credit's attempts to collect a disputed debt gave rise to this litigation. Plaintiff's claims against defendants had an objectively reasonable basis. The jury's finding for Baker does not mean that plaintiff's claims against Baker had no merit.

Plaintiff's pursuit of his claim under 15 U.S.C. § 1692k(a)(2)(A) for statutory damages against Baker after the jury verdict was not harassment because the standards for awarding statutory damages are not the same as the standards for awarding actual damages. See 15 U.S.C. § 1692k(b)(1).

Here, "an award of attorney fees in [Baker's] favor could deter other plaintiffs from asserting good faith claims in similar cases." Clark v. Capital Credit & Collection Servs., Inc., Civ. No. 03-340-JE, slip op. at 5 (D. Or. Aug. 4, 2004) (docket no. 159) (addressing same issue). The parties' failure to settle does not show that plaintiff was unreasonable.

Because I conclude that Baker is not entitled to attorney's fees under the Oregon statute, I need not address whether the attorney's fee provision of the federal Fair Debt

Collection Practices Act preempts the Oregon statute.

### III. Fees under 28 U.S.C. § 1927

Defendant also seeks attorney's fees under 28 U.S.C. § 1927. Section 1927 provides that the court may require "[a]ny attorney" to pay "excess costs, expenses, and attorney's fees reasonably incurred" if the attorney "multiplies the proceedings in any case unreasonably and vexatiously." "Recklessness or bad faith is required to support a fee award under § 1927." Cline v. Industrial Maintenance Engineering & Contracting Co., 200 F.3d 1223, 1236 (9th Cir. 2000) (citing United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983)). "'Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Id. (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir. 1986) (citations omitted)).

Here, plaintiff's claims against Baker had merit, and plaintiff's pursuit of those claims was not harassment. Because Baker has not shown recklessness or bad faith, she is not entitled to attorney's fees under § 1927.

/ / /

/ / /

/ / /

## CONCLUSION

Defendant Baker's motion for attorney's fees (#91) is denied.

DATED this 20 day of September, 2005.

                /s/ Owen M. Panner
                OWEN M. PANNER
                U.S. DISTRICT COURT JUDGE